# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DAVID LYNN MCEUEN,                                                                            PLAINTIFF
#102696

v.                                 4:18CV00680-KGB-JTK

L. JOHNSON, et al.                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.     Why the record made before the Magistrate Judge is inadequate.

      2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.     The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.     Introduction

Plaintiff David McEuen, an inmate incarcerated at the Pulaski County Detention Facility (Jail), filed this pro se action pursuant to 42 U.S.C. § 1983, alleging denial of access to the courts by Defendants. (Doc. No. 5)[1]

This matter is before the Court on the Motion for Summary Judgment, Brief in Support, and Statement of Facts, filed by remaining Defendants Johnson, Paxson, and Daniels. (Doc. Nos. 38-40) Plaintiff responded by requesting appointment of counsel. (Doc. No. 42) On August 16, 2019, the Court denied his Motion for Counsel, but granted him an additional thirty days in which to respond to the Motion, and cautioned him that his failure to respond to the Motion within fifteen days of the date of the Order would result in either all the facts set forth in the Motion being deemed admitted by him, or dismissal of the action, without prejudice, for failure to prosecute (Doc. No. 43). As of this date, Plaintiff has not responded to the Motion.

---

[1] On October 22, 2018, I issued a Partial Proposed Findings and Recommendation, recommending that Defendants Ware, Briggs, Holiday, and Long be dismissed. (Doc. No. 8)

## II. Amended Complaint

Plaintiff alleged that while incarcerated in the administrative segregation unit of the Jail, Defendants denied his numerous requests for documents from the law library. (Doc. No. 4, pp. 5-7) These delays caused harm by putting him "one week behind in preparing for my two scheduled jury trial dates for the month of November 2018." (Id., p. 10)

## III. Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's

3

assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

### A. Official Capacity

The Court agrees with Defendants that Plaintiff's monetary claims against them in their official capacities should be dismissed, because he did not allege that their actions were taken pursuant to an unconstitutional policy, practice, or custom, or any widespread pattern of unconstitutional conduct. A suit against a county official in his official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). Absent such an allegation, or a response from Plaintiff, the Court finds the monetary claims against Defendants in their official capacities should be dismissed.

### B. Individual Capacity

Defendants also ask the Court to dismiss Plaintiff's claims against them in their individual capacities, based on qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an

*immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

According to Jail records provided by Defendants and the Affidavit of Jail Administrative Sergeant Lesa Warner (Doc. No. 40-1), Plaintiff was booked into the Jail on October 10, 2017, on charges of rape, child/sex offender failure to register, sexual assault, hold for State, and failure to appear. (Id., pp. 4-5) While incarcerated at the Jail, he was housed in the administrative segregation unit due to concerns of self-harm. (Id., pp. 2, 50-68)  Inmates in the administrative segregation unit may request copies of legal materials from inmate services, and if the materials are available, Jail staff will provide them to the inmate. (Id., pp. 2, 47-49) Throughout his incarceration, Plaintiff requested and received numerous materials from the Jail law library. (Id., pp. 3, 72-122) In addition, he is represented by an attorney in both of his criminal cases and the trials in those cases were continued and have not yet occurred. (Id., pp. 2, 17, 31)

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

In light of the Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendants, the Court hereby finds that the facts set forth by Defendants (Doc. No. 39) are undisputed for purposes of the Motion and recommends that summary judgment be granted as a matter of law. See FED.R.CIV.P. 56(e)(2), (3). Since Plaintiff was a pretrial detainee at the time of his incarceration, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1979). To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." Chappell v. Helder, 696 F. Supp. 2d 1021, 1029–30 (W.D. Ark. 2010) (quoting White v. Kautzky, 494 F.3d 677, 680 (8th Cir.2007) (citations omitted). "To prove actual injury, [a prisoner] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" White, 494 3d at 680 (quoting Lewis v. Casey, 518 U.S. 343, 353 (1996)). Finally, "the affirmative legal obligation [to help prisoners with legal matters] is satisfied when the prisoner has been offered or provided a lawyer." Stanko v. Patton, 568 F.Supp.2d 1061, 1075 (D. Nebraska 2008). See also Schrier v. Halford, 60 F.3d 1309, 1313-1314 (8th Cir. 1995).

In this particular case, Defendants submitted evidence that they provided Plaintiff with requested legal materials, that Plaintiff was represented by counsel at his criminal proceedings, and that the alleged "delay" failed to result in any harm (actual injury), as the criminal trials were continued.   Absent additional facts or evidence from Plaintiff to show otherwise, the Court finds that Defendants acted reasonably under the circumstances, and that no reasonable fact finder could find that the facts as alleged or shown, construed in the light most favorable to Plaintiff, establish

a violation of a constitutional or statutory right.

### IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 38) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 24th day of September, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE